legal burden of contributing to the expense of such sewer. The cita-
tion of authorities in reference to statutes conferring power on munici-
palities to raise money is uninstructive. Such were the cases of Terrill
v. Wheeler (Sup.) 2 N. Y. Supp. 86, affirmed 25 N. E. 329, Lamb v.
Connolly, 122 N. Y. 531, 25 N. E. 1042, Board of Supervisors of
County of Cayuga v. State of New York, 153 N. Y. 279, 47 N. E.
288, cited by defendant. Here no such power is granted by the statute
in question for the proposed expenditure. The common council was
not authorized thereby to submit to the taxpayers of the city any such
proposition as was voted on, and all proceedings in reference to such
proposition were void and the bonds are illegal.

Judgment ordered for the defendant, with costs. All concur.

---

KNICKERBOCKER TRUST CO. v. ONEONTA, C. & R. S. RY. CO. et al.
(LOUNSBURY et al., Interveners).

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. RAILROADS—MORTGAGES—FORECLOSURE BY TRUSTEE—AUTHORITY.

Where a railroad mortgage authorized foreclosure by the trustee if de-
fault was made in the payment of interest on bonds secured by the mort-
gage, and authorized a majority of the bondholders to require foreclosure,
the trustee's right to foreclosure in its discretion was not dependent on the
request of the bondholders.

2. SAME—IDENTITY OF BONDHOLDERS.

Where the right of a trustee in a railroad mortgage to foreclose the
same was not dependent on the request of the bondholders, an issue could
not be raised on the identity of such holders.

3. SAME.

Where a trustee in a railroad mortgage was authorized to foreclose the
same in its discretion on default in the payment of interest, an issue at-
tempted to be raised as to the ownership of certain of the bonds secured
by the mortgage as between rival claimants was immaterial to the trus-
tee's right to foreclose, though the mortgage provided that the trustee
should not be bound to recognize any person as a bondholder, unless, or
until, his bonds were submitted to the trustee 'for inspection, if required,
and his title satisfactorily established, if disputed.

4. PLEADING—JOINT DEFENDANTS—ANSWER—SERVICE.

Code Civ. Proc. § 521, provides that, where the judgment may determine
the ultimate rights of two or more defendants as between themselves, a
defendant who requires such a determination must demand it in his an-
swer, and must at least 20 days before the trial serve a copy of his an-
swer on the attorney for each of the defendants to be affected by the de-
termination. *Held,* that where, in a suit to foreclose a railroad mortgage, a
reorganization committee, made a defendant, did not serve a copy of
their answer on certain intervening defendants, they were not entitled
to a determination as between themselves and interveners of the question
of the ownership of certain of the bonds secured by the mortgage.

Appeal from Special Term, Otsego County.

Suit by the Knickerbocker Trust Company, as trustee, etc., against
the Oneonta, Cooperstown & Richfield Springs Railway Company and
others, and Daniel M. Lounsbury and others, as executors of the estate
of John W. Lounsbury, deceased, interveners. From an order estab-

lishing the ownership of certain bonds by a reorganization committee, interveners appeal. Reversed.

See 97 N. Y. Supp. 673.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Henry C. Henderson and William A. Davidson, for appellants.

Davies, Stone & Auerbach (Charles E. Hotchkiss and Lynn J. Arnold, of counsel), for respondent Trust Co.

Joseph G. Deane, for respondents Henry W. Bean and others, as reorganization committee.

COCHRANE, J. Judgment has been entered herein directing the foreclosure and sale of the property of the Oneonta, Cooperstown & Richfield Springs Railway Company, under a mortgage for the sum of $1,500,000 executed by said railway company to the plaintiff as trustee for the benefit of the bondholders of said company. The respondents Henry W. Bean and others constitute a reorganization committee of certain alleged bondholders, and claim to own 1,110 of the bonds secured by said mortgage; the par value of the bonds, being $1,000 each. The appellants, owning 17 of the bonds, dispute the alleged ownership of said reorganization committee, and contend that the bonds which the committee claims to own are in fact the property of the railway company, and that by reason of such fact the value of the 17 bonds owned by said appellants is enhanced; the property of the railway company being insufficient for the payment in full of the bonds. Both the reorganization committee and the appellants are intervening defendants. The judgment on its face establishes the ownership by the reorganization committee of the bonds claimed by them, and it is this provision of the judgment which constitutes the grievance of the appellants.

The respondents seek to justify this provision of the judgment because of an answer interposed by the appellants, which answer it is claimed created an issue as to the ownership of the bonds in question. Having interposed such answer the appellants made default at the trial. The judgment is therefore a default judgment.

Section 1207 of the Code of Civil Procedure is as follows:

"Where there is no answer, the judgment shall not be more favorable to the plaintiff, than that demanded in the complaint. Where there is an answer, the court may permit the plaintiff to take any judgment, consistent with the case made by the complaint, and embraced within the issue."

Unless, therefore, the question of the ownership of the 1,110 bonds claimed by the reorganization committee was "embraced within the issue," the judgment cannot determine such question, and the provisions in the judgment purporting to do so should be eliminated.

Plaintiff assumes that it was necessary to allege and prove that a majority of the bondholders had requested a foreclosure. Such is not the case. According to the mortgage, if default be made as therein specified, the trustee is empowered in its discretion to maintain this action. The mortgage constitutes a part of the complaint, and it thus appears from the complaint itself that by the terms of the mortgage the

right to maintain the action is not dependent on the request of the bondholders, although a majority of the bondholders might require the plaintiff to proceed by foreclosure or otherwise. It is optional with the plaintiff on its own volition on default of the mortgagor to maintain this action independently of the wishes of the bondholders. The complaint contains allegations based on the apparent theory that such request of a majority of the bondholders is a condition precedent to the plaintiff's right to foreclose, and hence it is argued that the identity of the bondholders is a material and necessary inquiry. Such allegations are immaterial, and such inquiry is irrelevant.

The answer of the appellants by various denials and allegations raises an issue as to the right of the plaintiff to maintain the action. It also alleges facts showing that the reorganization committee is not the owner of the bonds in question, but that such bonds belong to the railway company. There are other allegations in the answer immaterial to this appeal.

As between the plaintiff and the appellant Lounsbury, the only issue raised by the pleadings was the right of the plaintiff to maintain the action. When the plaintiff proved the default of the mortgagor and the other material allegations of the complaint, its right to foreclose the mortgage was established. The plaintiff was not concerned with this controversy existing between codefendants. It could not assume to determine conflicting claims of ownership to the bonds in question. Its fiduciary duty as trustee required it to conserve the interests of all the bondholders, whoever they might be; but it was no part of its duty to determine conflicting interests as between rival claimants to the same bonds. And, as between the plaintiff and the appellants, no such issue arose by reason of anything in the appellants' answer. The plaintiff could not, by injecting into the complaint immaterial allegations as to the ownership of the bonds, raise a false issue in respect thereto which would be binding as between conflicting bondholders. Nor did the defendants, by answering such irrelevant matter and by the insertion of other irrelevant matters in their answer, accentuate or extend the issue. If parties choose to insert in their pleadings useless and irrelevant allegations, and to form an issue in respect thereto, such issue is as irrelevant as are the allegations. The right to foreclose the mortgage and sell the property is entirely distinct and independent from the question of the proper bondholders to receive the avails of such sale and in what proportion. In the first question, the plaintiff was properly interested. The latter question does not concern the plaintiff. The only isue as between the plaintiff and the appellants referred to the former question.

The plaintiff urges that, as the appellants contended that the bonds belonged to the railway company, it was necessary to prove that they in fact belonged to the reorganization committee, else there would have been no default in the payment of such bonds. Default in the payment of interest of the appellants' bonds was the only justification plaintiff needed for this action. But, were it otherwise, proof as to the identity of bondholders for the purpose of establishing the propriety of this action is a very different proposition from proof of ownership as between

rival claimants to the same bonds. The issues are distinct, and, while it may have been necessarily proved for the purpose of establishing plaintiff's right to maintain this action that the bonds were held by certain parties, such proof and a corresponding finding by the court must be limited to that purpose, and cannot be extended and applied to a different issue as between different parties. That is all that is meant, and nothing more, by the provision in the mortgage that:

"The trustee shall not be bound to recognize any person as a bondholder unless nor until his bonds are submitted to the trustee for inspection, if required, and his title satisfactorily established, if disputed."

Furthermore, it is clear that the plaintiff has no interest in the question here under consideration. The plaintiff's only interest is in procuring a judgment under which it may sell the property. The judgment to that extent is not complained of, and cannot be affected by this motion. It can make no difference to the plaintiff to whom the proceeds of the sale are paid. It seems to me, as far as the plaintiff is concerned, the question is purely academic.

The practical question here raised affects the appellants' codefendants, the reorganization committee. The right of the latter to retain in the judgment the provisions sought to be eliminated depends on section 521 of the Code of Civil Procedure, which in part is as follows:

"Where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and must at least twenty days before the trial serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination."

The appellants served their answer on the attorney for the reorganization committee, and the latter could of course waive the provision requiring such service 20 days before the trial, which provision was for their benefit. But I very much doubt whether such answer demands that the judgment "determine the ultimate rights of two or more defendants as between themselves," as required by the above statute. The answer does not specifically make such demand. All that can be claimed is that such demand is implied. Waiving, however, that point, the reorganization committee did not serve on the appellants a copy of their answer, and hence did not bring themselves within the benefits conferred by said section 521 of the Code. They did not take the necessary steps to permit a determination to be made as between defendants, and cannot avail themselves of their codefendants' answer for the purpose of procuring such determination. If these appellants had made themselves plaintiffs in an action against the reorganization committee, and had alleged in their complaint in such action the same facts which appear in their answer herein, and had made default at the trial, the utmost the reorganization committee could ordinarily procure in such a case, in the absence of special reasons to the contrary, would be a dismissal of the complaint. It is difficult to see how they can procure any greater benefits in the present case.

The judgment herein was entered on motion of all of the respondents and contains a provision that the referee therein named shall take proof and report who are the owners or holders of the bonds secured

by the mortgage in so far as said ownership is not determined by the judgment. The appellants ask that the question of such ownership be determined by the said referee, and, as we conclude that the judgment could not properly determine. such question, it may be left to the referee to take proof and report thereon as the judgment provides.

The order must be reversed, with $10 costs and disbursements, and the motion granted, to the extent specified in the paragraphs of the notice of motion numbered first, second, and third. All concur, except SMITH, J., not voting.